**CHARLES LEICH AND COMPANY**

v.

**The UNITED STATES.**

**Nos. 367–56 and 419–56.**

United States Court of Claims.

June 12, 1964.

Henry B. Walker, Jr., Evansville, Ind., for plaintiff.

David D. Rosenstein, Washington, D. C., with whom was Asst. Atty. Gen., Louis F. Oberdorfer, for defendant. C. Moxley Featherston and Lyle M. Turner, Washington, D. C. on the brief.

Before JONES, Chief Judge and WHITAKER, LARAMORE, DURFEE and DAVIS, Judges.

LARAMORE, Judge.

The taxpayer, by motion filed April 13, 1964, has requested a rehearing and amendment of judgment in cases numbered 367–56 and 419–56, decided March 13, 1964, 329 F.2d 649. In Case No. 367–56, we held that certain remittances made by the taxpayer to the Collector of Internal Revenue during the years 1952 and 1953 were "deposits in the nature of a cash bond" rather than payments of an Internal Revenue tax. (Slip op. 8, 329 F. 2d at 653.) We reasoned that the factors of "contest," coupled with the fact of no assessment, were sufficient to negate payment in that case. Consequently, taxpayer was not entitled to statutory interest when these amounts were refunded. In Case No. 419–56, we held that since the remittances made by taxpayer were not payments of tax, "the portion of the remittances which represented interest were not 'paid' in those years and consequently could not be deducted as an interest expense in those years." (Slip op. 8, 329 F.2d at 654.) [1]

Taxpayer now urges as ground for rehearing that section 223 of the Revenue Act of 1964 is inconsistent with the court's decision.[2] Specifically, taxpayer

---

[1] An unrelated issue in Case No. 419–56 was decided in favor of the taxpayer.

[2] Section 223 of the Revenue Act of 1964 reads, in pertinent part, as follows:

"(2) Section 43 of the Internal Revenue Code of 1939 (relating to period for which deductions and credits taken) is amended by adding at the end thereof the following new sentences:

" 'If—

" '(1) the taxpayer contests an asserted liability,

" '(2) the taxpayer transfers money or other property to provide for the satisfaction of the asserted liability,

" '(3) the contest with respect to the asserted liability exists after the time of the transfer, and

" '(4) but for the fact that the asserted liability is contested, a deduction would be allowed for the taxable year of the transfer (or for an earlier taxable year),

then the deduction shall be allowed for the taxable year of the transfer. * * *'

\* \* \* \* \*

argues that Congress, in enacting section 223 amending section 43 of the Internal Revenue Code of 1939, has stripped the authority from those cases in which the factor of "contest" was held to negate payment. We disagree.

In the tax area, section 223 deals with the time at which a transfer of money or property for the satisfaction of an asserted tax liability may be deducted. The section speaks throughout in terms of an *asserted liability* which is contested by the taxpayer and allows a deduction where taxpayer "transfers money or other property to provide for the satisfaction of the *asserted liability*" but still continues to contest the *asserted liability*. An indication of what Congress meant by an "asserted liability" is set forth in the Senate Finance Committee's Report:

"The new subsection (f) provides in effect that if (1) a taxpayer contests an asserted liability (such as a tax assessment) * * * * "[3]

The Committee's use of the parenthetical phrase "(such as a tax assessment)" seems to indicate that before this section becomes operative taxpayer must be put in a position where inaction on his part will cause him to have a legal obligation to pay the tax.

Section 223 has a broad application. Congress, therefore, could not, and did not, attempt to define all the permutations and combinations of factual situations which might add up to an "asserted liability." However, since the one example given in the Senate Report is that of a "tax assessment," we gather that Congress intended to give us special guidance for cases in which money or property is transferred for the satisfaction of an asserted *tax* liability. It meant to stress, we think, that with respect to tax remittances, "asserted liability" was intended to be a liability arising from something akin to a "tax assessment." Thus, we can fairly say that the statute requires that the taxing authorities take some action, whatever it might be, out of which flows legally cognizable rights. The type of contingent agreement made by the taxpayer and the Internal Revenue Service with respect to the proposed adjustments in taxpayer's returns for the years 1943–1949 does not qualify under our proposed standard as an "asserted liability." It merely kept the question of taxpayer's liability open until a final decision of the litigation with respect to tax year 1942.[4]

Taxpayer is correct in stating that this section was meant to, and does, avoid the result of the decision of the Supreme Court in United States v. Consolidated Edison Co., 366 U.S. 380, 81 S.Ct. 1326, 6 L.Ed.2d 356 (1961).[5] However, tax-

---

"(b) Effective Dates.—Except as provided in subsections (c) and (d)—

\* \* \* \* \*

"(2) the amendment made by subsec-(a) (2) shall apply to taxable years to which the Internal Revenue Code of 1939 applies.

\* \* \* \* \*

3. S.Rep. No. 830, 88th Cong., 2d Sess. 243 (1964) [1964 U.S.Code Cong. and Adm. News].

4. Even after a final adverse decision in the 1942 litigation taxpayer would not have been under any obligation to pay the proposed adjustments of tax in his returns for the years 1943–1949. The Commissioner would have been required to send the statutory notice of deficiency in order to collect the resulting underpayments of tax for those years.

5. The purpose of the section as stated by the Senate Finance Committee in S.Rep.

No. 830, 88th Cong., 2d Sess. 243 (1964) was as follows:

"In G.C.M. 25298, 1947–2 C.B. 39, the Internal Revenue Service took the position that a taxpayer may deduct the amount of taxes *paid* to local authorities not later than for the year of *payment* even though he contests liability for such taxes. In 1961, the U.S. Supreme Court held that, where an accrual basis taxpayer contested taxes paid to local authorities, the contested amount was deductible for the taxable year in which the contest was settled rather than for the taxable year in which such amount was *paid* (U. S. v. Consolidated Edison Co. (1961) 366 U.S. 380 [81 S.Ct. 1326, 6 L.Ed.2d 356]). The new subsection (f), in the case of contested taxes, provides that the contested amount is deductible for the year of *payment*." (Emphasis supplied.)

payer's position in the instant case is not comparable to taxpayer in Consolidated Edison. Here there was never an assessment of all or any part of the proposed deficiency for the years 1943–1949. (Slip op. 7, 329 F.2d at 653.) There was no asserted liability. Taxpayer merely voluntarily remitted certain funds to the Collector. We believe that section 223 does not purport to announce, as urged by taxpayer, a congressional policy that any contested remittance will henceforth be considered a payment. Rather it allows a contested *payment* of tax to be deducted in the year paid. Since we have determined that in the instant case there was no "asserted liability" within the meaning of section 223, taxpayer is not entitled to a deduction in 1952 and 1953 for the amounts remitted which it considered interest.

We also hold that the fact that Congress removed the factor of "contest" which was believed to prevent the deductibility of asserted tax liabilities which were later contested, does not make taxpayer's voluntary remittances overpayments of tax within the meaning of section 3771(a) of the Internal Revenue Code of 1939, thus entitling it to statutory interest when the amounts were refunded.

Taxpayer's motion for rehearing and to amend the judgment is denied.

WHITAKER, Judge (dissenting).

The majority says this case does not come within section 223 of the Revenue Act of 1964, because there was no contest as to the years in question, nor had any liability been asserted for those years. I cannot agree to this.

Defendant had assessed a tax for 1942, the year before the years in question. Plaintiff's liability therefor was being contested in the District Court. The law and the facts applicable to plaintiff's liability for 1942 were the same as in subsequent years. So, when the Revenue Agent's report came in asserting a liability for the subsequent years on a basis the same as for 1942, the Bureau in Washington notified the taxpayer it would defer issuing a deficiency notice until after termination of the litigation as to 1942. When the District Court decided the case adversely to plaintiff, the Bureau still withheld the deficiency notice, because plaintiff had taken an appeal from the District Court's decision.

Under these circumstances plaintiff made the payments in question.

Had the Court of Appeals affirmed the District Court, can it be questioned that the Bureau would have issued the deficiency notice? The basis for such a notice, I reiterate, would have been the same as the basis for the 1942 assessment.

What is lacking to bring the case within section 223? Only a *formal* notice of a deficiency. The statute does not require this. For this court to do so is to do like the Pharisees of old who tithed mint and anise and cummin, and neglected justice and mercy and the love of God.