# IN THE OREGON TAX COURT

Walter PELETT
and City Liquidators, Inc.
*v.*

## DEPARTMENT OF REVENUE
(TC 2839)

Kevin P. O'Connell, O'Connell & Goyak, Portland, represented plaintiff.

Ted E. Barbera, Senior Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered May 11, 1990.

**CARL N. BYERS, Judge.**

Walter Pelett (Walter) is the sole shareholder of City Liquidators, Inc. Plaintiffs appeal the imposition of late filing penalties and interest. Walter appeals the disallowance of an interest expense deduction.

The facts are undisputed. In 1972, Walter operated an electrical and plumbing supply business. A fire in

December of that year destroyed his business and its records. Consequently, he did not file an income tax return for 1973. For lack of a starting point, Walter did not file income tax returns for the rest of the decade, even after starting a new business.

Eventually, the Internal Revenue Service (IRS) contacted plaintiffs in 1980. After a preliminary investigation, the IRS offered to take possession of plaintiffs' records and reconstruct their incomes for the years for which returns were due. The IRS kept plaintiffs' records for about three years and then concluded it could not reconstruct their incomes. The key IRS employee had serious personal problems. His work product contained so many errors it was unusable. Plaintiffs' accountant had to reconstruct the incomes and prepare returns for all the missing years. Due to recordkeeping and reconstruction problems, each return ran 75 to 100 pages. The returns were filed in 1986. Plaintiffs' Oregon income tax returns were accepted as filed except for a $75,000 interest deduction claimed on Walter's 1983 return. Defendant also assessed major late filing penalties.

■ Defendant imposed late filing penalties under the authority of ORS 314.400. That statute is mandatory and requires that penalties be imposed if returns are late. Since there is no question here that the returns were filed late, the penalties were properly imposed.

■ ■ Plaintiffs contend that because the IRS held their records for three years the penalties should be set aside. Defendant has the authority, on a showing of "good and sufficient cause," to waive penalties and interest. ORS 305.145. However, this authority is discretionary. The issue of whether plaintiffs are subject to penalties under ORS 314.400 is reviewable by this court. The issue of whether defendant should have waived penalties imposed under ORS 314.400 is not reviewable by this court. ORS 305.560 expressly provides in part:

> "(1) Except for an order, or portion thereof, denying the *discretionary waiver of penalty or interest by the department,* an appeal from an order of the department on an appeal taken pursuant to this chapter may be taken by filing an original and one certified copy of a complaint with the clerk of the Oregon Tax Court * * *." (Emphasis added.)

The clear import of this language is that the legislature did not intend this court to review defendant's discretion in waiving penalties or interest.[1]

Walter sent a payment of $75,000 to the IRS on December 30, 1983. The accompanying letter instructed the IRS to apply the payment to interest for the tax years 1982, 1981, and 1980, in that order. At that point, the IRS had not assessed taxes and Walter had not filed income tax returns. Accordingly, the IRS treated the payment as a deposit.

■ Walter argues that his tax debt arose by virtue of statutory provisions. If the debt was in existence, interest accruing on that debt could be deducted. His argument is reminiscent of the dissent in *Jacob J. Shubert,* 41 TC 243 (1963), which also reasoned that a later assessment merely confirms the prior existence of the tax debt. However, the majority opinion in that case held that payment prior to an assessment is not payment on an indebtedness within the meaning of the statute. *See also Charles Leich & Co. v. United States,* 329 F2d 649, 64-1 US Tax Cas (CCH) ¶ 9308, *reh'g denied* 333 F2d 871, 64-2 US Tax Cas (CCH) ¶ 9546 (1964). There is no indebtedness within the meaning of IRC § 163 until the tax is assessed. *Fred J. Arheit,* 31 TC 46 (1958). Until a tax is assessed, either by the IRS or the taxpayer, the liability is contingent and uncertain in amount. Until a tax is assessed, it is not legally enforceable and the IRS cannot try to collect it. *See* 6 Mertens Law of Fed Income Tax § 26.09, at 58.

The court finds that defendant's Opinion and Order Nos. 87-0892, 87-1831 and 87-3726 must be sustained. Defendant to recover its costs.

---

[1] Even if the statute were construed to permit review by this court of that issue, plaintiffs would have to show an abuse of discretion. They have not done so.