IN THE TAX COURT OF THE
STATE OF OREGON

David Warren PINSKI
and Faye Irene Pinski

*v.*

DEPARTMENT OF REVENUE

(TC 4237)

Plaintiffs appeared *pro se.*

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented Defendant (department).

Decision for Defendant rendered October 5, 1998.

### CARL N. BYERS, Judge.

Plaintiffs' Complaint concerns assessments of personal income taxes for 1993 and 1995. Defendant (department) assessed the taxes when Mr. Pinski failed to file returns. Although Mr. Pinski filed an administrative appeal, he refused to participate in the hearing. This matter is now before the court on the department's Motion for Summary Judgment on the grounds that Mr. Pinski failed to exhaust

his administrative remedies. There is no genuine issue of material fact before the court, and Plaintiffs have submitted cross Motions for Summary Judgment.

Plaintiffs are husband and wife. Mr. Pinski failed to file his Oregon personal income tax returns for 1993, 1994, and 1995 by the due date for the 1995 income tax return. Plaintiffs had been in federal prison for attempted income tax evasion. Mr. Pinski states that once they were released, he had difficulty compiling his records and filing a return. As a result, the department issued notices of determination and assessment to him for those years.

Mr. Pinski appealed to the department, writing that, "David Warren, Pinski IS NOT REQUIRED TO FILE BECAUSE David Warren Pinski IS NOT MADE LIABLE BY NOTICE FROM THE SECRETARY NOR BY PUBLISHED IMPLEMENTING REGULATIONS." The department subsequently scheduled a telephone hearing for August 25, 1997, and sent Mr. Pinski a notice asking him to provide a telephone number where he could be reached. Plaintiff did not provide a telephone number. Instead, he sent the department a letter stating, "refused for fraud, FRCP Rule 9(b) and FRCP Rule 12(b)(2)." The hearing took place as scheduled and the department, determining that there was not good and sufficient cause for Mr. Pinski's failure to furnish a phone number, denied his appeal.

After the department hearing, but prior to the issuance of the department's opinion and order, Plaintiffs filed joint tax returns for tax years 1993 and 1995. The department accepted the returns, making Plaintiffs liable for the self-assessed taxes, yet still denied Mr. Pinski's appeal. Mr. and Mrs. Pinski now jointly complain to the Tax Court regarding the department's acceptance of their joint filings and the denial of Mr. Pinski's appeal.

The department moved for summary judgment on the basis that Mr. Pinski failed to exhaust his administrative remedies. Mr. Pinski counters that the notice of hearing was sent to the wrong address, that the department prematurely scheduled the hearing, that the department failed to ask him if he was appealing his federal income taxes before proceeding against him, and that the department should not have

assessed 100 percent penalties. Mrs. Pinski, in a separate Motion for Summary Judgment, argues that she was denied due process in that the department has sought to bind her to the delinquent joint filings without appropriate opportunity for appeal.

## ANALYSIS

The court finds that Mrs. Pinski is not a proper party in this proceeding. Although Mrs. Pinski participated in the filing of the Complaint, she had no basis to appeal as she was not the subject of the department's opinion and order below. The filing of a joint return cannot make her a party to this action. For this reason, the court does not address the merits of Mrs. Pinski's Motion for Summary Judgment beyond noting that it is denied.

In regard to Mr. Pinski, the court finds that he has failed to exhaust his administrative remedies as required by ORS 305.275(4).[1] Although the statutory exhaustion requirement has since been repealed, he was still required to first proceed with a meaningful hearing at the department.

In order to exhaust one's administrative remedies, it is necessary to appear at the departmental hearing. *Tozier v. Dept. of Rev.*, TC 4151 (October 3, 1997). Failure to appear includes failing to provide, or providing an incorrect, phone number. *Timmen v. Dept. of Rev.*, TC 4177 (January 27, 1998). Mr. Pinski does not dispute that he failed to provide a phone number where he could be reached. Rather, he raises arguments related to the department's "handling" of the administrative hearing and the imposition of a 100 percent penalty on the tax due. His arguments are without merit.

Mr. Pinski argues that the department's failure to send the notice to his most recent address amounted to a denial of due process, thereby vitiating his responsibility to participate in the department hearing. While it appears that the notices of determination and assessment were not sent to Mr. Pinski's most current address, this court has previously held that this does not invalidate the notice if the taxpayer actually received it. *Hartwell v. Dept. of Rev.*, TC 3921

---

[1] All references to the Oregon Revised Statutes are to 1995.

(March 19, 1996). Clearly, Mr. Pinski received the notices. However, rather than supply the requested phone number, he argued that the notices were "refused for fraud." He asserts that the department should have rescheduled his hearing after receiving one of his delinquent returns. Mr. Pinski did not request that his hearing be postponed. The department was under no obligation to postpone the hearing. Furthermore, the department acted appropriately in using the joint returns to determine Plaintiffs' liability.

Mr. Pinski also argues that the department failed to comply with its policy and administrative procedure (PAP 533-007) in that it did not ask him, prior to issuing the notice of determination and assessment, whether he was appealing the federal adjustments to his income tax. However, the quoted policy only applies if the department is issuing a notice of deficiency. A notice of deficiency is issued only when the taxpayer has filed an Oregon income tax return. Plaintiff had not filed an Oregon return, therefore the rule did not apply. The department was under no obligation to inquire as to the status of his federal returns.

■ Finally, Mr. Pinski asks this court to rule that the department should have waived the 100 percent penalty that was assessed pursuant to ORS 305.992. However, as set out in *Pelett v. Dept. of Rev.*, 11 OTR 364 (1990), that is not a question within the jurisdiction of the court.

Finding that Mr. Pinski has failed to exhaust his administrative remedies, and that Mrs. Pinski is not properly before the court, the court must grant the department's Motion for Summary Judgment. Now, therefore,

IT IS ORDERED that the department's Motion for Summary Judgment is granted, and

IT IS FURTHER ORDERED that Mr. Pinski's Motion for Summary Judgment is denied, and

IT IS FURTHER ORDERED that Mrs. Pinski's Motion for Summary Judgment is denied. Costs to neither party.