DECISION
Plaintiff appeals certain penalty matters for tax years 2005, 2006 and 2007. Defendant, in its Answer, asks the court to uphold the penalty. Defendant claims the court lacks authority to consider penalty waiver requests.
The court held a case management conference on January 24, 2008. The court discussed the issue with the parties at that time. Shirley Boland participated on her own behalf. Fred Nichol, Auditor, represented Defendant.
 I. STATEMENT OF FACTS
Plaintiff purchased cigarettes over the telephone. Defendant sent Plaintiff Notices of Assessment that included a 25 percent penalty plus interest. Plaintiff asked for a waiver of the penalties. Defendant asks that the penalties be upheld because Plaintiff's penalty waiver request is not a matter within the authority of the court to grant.
 II. COURT'S ANALYSIS
Persons who purchase cigarettes out of state must file a report with Defendant. ORS 323.360.[1] If they fail to pay the tax or timely file a report, they are subject to certain penalties pursuant to ORS 314.400
and ORS 323.381. *Page 2 
ORS 314.400(1) sets forth when Defendant must impose the five percent penalty. It reads as follows:
 "1) If a taxpayer fails to file a report or return or fails to pay a tax by the date on which the filing or payment is due, the Department of Revenue shall add to the amount required to be shown as tax on the report or return a delinquency penalty of five percent of the amount of the unpaid tax."
Additionally, ORS 314.400(2)(a)(A) sets forth when Defendant must impose the 20 percent penalty. It reads as follows:
 "(2) If the failure to file a report or return continues for a period in excess of three months after the due date:
 "(a)(A) There shall be added to the amount of tax required to be shown on the report or return a failure to file penalty of 20 percent of the amount of such tax[.]"
Defendant is required to impose the two penalties by the statutes cited above. The court finds that Defendant properly assessed the penalties pursuant to the statute.
When the department properly imposes penalties pursuant to the statute, taxpayers may still seek a waiver of the penalty under ORS305.145(3). That statute provides:
 "(4) The department may establish by rule instances in which the department may, in its discretion, waive any part or all of penalties provided by the laws of the State of Oregon that are collected by the department. Rules adopted under this subsection are limited to the waiver or reduction of penalties in cases where:
 (a) Good and sufficient cause exists for the actions of a taxpayer that resulted in the imposition of a penalty;
 (b) The actions of a taxpayer that resulted in the imposition of a penalty constitute a first-time offense on the part of the taxpayer; or
 (c) The actions of the department enhance long-term effectiveness, efficiency or administration of the tax system"
The power to waive penalties is a discretionary one that lies with the department. The legislature chose to vest the department with this discretion, but not this court. The Tax Court *Page 3 
has previously held that "[t]he issue of whether defendant should have waived penalties imposed under ORS 314.400 is not reviewable by this court." Pelett v. Dept. of Rev., 11 OTR 364, 365 (1990).
As an independent action and to minimize a duplication of effort, Defendant's representative agreed to review the facts presented in this appeal. On January 29, 2008, he filed his recommendations that Defendant would waive a small portion of the penalties. The underlying reasoning and waiver amount are not subject to the court's review.
 III. CONCLUSION
The court concludes that Plaintiff is subject to the 25 percent penalty. Whether Plaintiff has a good reason for the penalties to be canceled is not within the court's authority to consider. Now, therefore;
IT IS THE DECISION OF THE COURT that the above-entitled matter be dismissed.
Dated this ____ day of February 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on February13, 2008. The Court filed and entered this document on February 13,2008.
[1] All citations to the Oregon Revised Statutes (ORS) are to 2005. *Page 1