DECISION OF DISMISSAL
This matter is before the court on Defendant's request for dismissal, included in its Answer filed April 23, 2008. The court addressed the matter with the parties during a telephone case management conference on June 10, 2008. Angelika Ivanova (Ivanova) appeared for Plaintiff. Susan Zwemke appeared for Defendant.
Tri-Met is a municipal corporation operating a mass transit district.See ORS 267.200; ORS 267.334(2)(c).[1] To finance its operations, ORS267.385 gives Tri-Met the power to impose an excise tax on every employer within its district. The Tri-Met tax is imposed on employers and earnings from self-employment, in accordance with ORS 267.385. Defendant has collection responsibilities. ORS 267.385(4). Plaintiff was late in filing its returns for the first quarter 2005 through the third quarter 2007, and in paying the tax. The tax was paid on January 14, 2008. Defendant imposed interest on the late payments, and a five percent late penalty for the third quarter 2007. Plaintiff challenged those charges administratively, and Defendant agreed to waive the penalty, but was subsequently reinstated at Ivanova's request. (Ptf's Am Compl at 3; Def's Answer at 1.) *Page 2 
Defendant has requested that the court dismiss Plaintiff's appeal because it agrees to reinstate its earlier decision to waive the late filing penalty for the third quarter 2007 Tri-Met tax, and the court does not have the authority to grant Plaintiff's request to waive the interest Defendant imposed.
Defendant's agreement to waive the penalty renders that issue (Plaintiff's penalty waiver request) moot because there are no further penalties involved. That leaves only Plaintiff's request that the court waive the interest. Ivanova has asked the court to waive the interest because she did not know that her company was subject to the Tri-Met tax. As explained below, the court does not have the authority to grant Plaintiff's discretionary waiver request.
ORS 305.560(1)(a) provides in relevant part:
 "Except for an order, or portion thereof, denying the discretionary waiver of penalty or interest by the Department of Revenue, an appeal under ORS 305.275 may be taken by filing a complaint with the clerk of the Oregon Tax Court * * *."
(Emphasis added.)
In Pelett v. Dept. of Rev., this court noted that the Department of Revenue (department) has the discretionary authority to waive penalties and interest under ORS 305.145, but that "[t]he issue of whether defendant should have waived penalties * * * is not reviewable by this court." 11 OTR 364, 365 (1990). After citing ORS 305.560, thePelett court stated: "[t]he clear import of this language is that the legislature did not intend this court to review defendant's discretion in waiving penalties or interest." Id. at 366. The department has considered Plaintiff's request to waive the interest, and the department's refusal is not reviewable by this court. Now, therefore, *Page 3 
IT IS THE DECISION OF THIS COURT that Defendant's request for dismissal of Plaintiff's appeal is granted because Defendant agrees to waive the penalty, rendering that issue moot; and
IT IS FURTHER DECIDED that this court lacks the authority to consider Plaintiff's request for waiver of the interest.
Dated this ______ day of July 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on July 2, 2008.The Court filed and entered this document on July 2, 2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1