DECISION OF DISMISSAL
This matter is before the court on Defendant's request for dismissal of Plaintiff's request for discretionary waiver of penalties and interest for tax years 1991 and 1992. Defendant's dismissal request was discussed with the parties at an initial case management conference held by telephone July 16, 2008. Plaintiff was represented by Ethan L. Smith. Defendant was represented by James Carter. For the reasons set forth below, and as explained during the July 16, 2008, proceeding, the court has granted Defendant's request.
One of the statutes governing appeals to the Oregon Tax Court is ORS305.560(1)(a), [1] which provides in relevant part: "[e]xcept for an order, or portion thereof, denying the discretionary waiver of penaltyor interest by the Department of Revenue, an appeal under ORS 305.275
may be taken by * * *." (Emphasis added.) Plaintiff has appealed Defendant's tax collection efforts, seeking a waiver of the penalties and interest imposed because of the circumstances involved in Defendant's collection efforts (primarily the passage of time in locating Plaintiff in California). Plaintiff's representative acknowledged that Plaintiff's request was for discretionary (as opposed to legally based) waiver. *Page 2 
Penalties and interest are imposed by ORS 314.400 and ORS 305.220, respectively. This court has previously ruled that, although Defendant has the authority to waive those charges upon a showing of good cause, the Tax Court has no such authority because of the statutory limitation in ORS 305.560. See Pelett v. Dept. of Rev., 11 OTR 364, 365 (1990). ThePelett court stated: "[t]he clear import of th[e] language [in ORS305.560] is that the legislature did not intend this court to review defendant's discretion in waiving penalties and interest." Id. at 366.
Although the Department of Revenue's authority to waive penalties and interest is somewhat broader now than it was when Pelett was rendered in 1990, the legislative injunctive barring this court from reviewing Defendant's discretionary waiver determinations regarding penalty and interest has not changed. The pertinent language in ORS 305.560 is identical to that in effect when this court ruled on Pelett. Moreover, Defendant has not yet even ruled on whether it will waive the disputed charges because Plaintiff has not made such a request of the Defendant.[2] Assuming Plaintiff makes that request, Defendant's determination will be final. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed because the court lacks jurisdiction to waive penalties and interest under the circumstances here presented.
Dated this _____ day of July 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on July 25, 2008.The *Page 3 Court filed and entered this document on
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.
[2] Plaintiff will pursue relief from Defendant. Defendant's representative agreed to forward to Plaintiff the relevant waiver request form(s). *Page 1