DECISION OF DISMISSAL
This matter is before the court on Defendant's request to dismiss Plaintiffs' appeal, which seeks a refund of penalty and interest Defendant imposed on Plaintiffs' 2008 state tax liability. The court discussed the matter with the parties at a telephonic hearing held October 12, 2009. Monique DiVincenzo (DiVincenzo) appeared for Plaintiffs. Kevin Cole (Cole) appeared for Defendant.
DiVincenzo explained during the October 12, 2009, proceeding, that she did not dispute the adjustment to Plaintiffs' 2008 return, which denied Plaintiffs' mortgage interest subtraction and generated an additional tax owing of $731. The dispute, rather, is over the penalty and interest Defendant imposed on that liability. The sequence of events in this case are somewhat confusing but, according to the documents submitted with the pleadings and Cole's explanation, are as follows.
Plaintiffs' 2008 return was timely filed and reported a tax owing of $345 more than was paid through withholding. Defendant sent Plaintiffs a Courtesy Notice on March 11, 2009, advising them that the additional amount of $345 was owed. Defendant also issued a Notice of Deficiency on March 11, 2009, advising Plaintiffs that their 2008 return had been adjusted, and *Page 2 
that an additional tax of $731 was owing. That deficiency notice explained the basis for the adjustment (denial of the subtraction for federal mortgage interest in the amount of $8,130). Finally, also on March 11, 2009, Defendant sent Plaintiffs a second Courtesy Notice advising them they owed $1,076 ($345 plus $731). Plaintiffs promptly paid the entire amount owing, by electronic payment, on March 14, 2009. For reasons not entirely clear to the court, Defendant refunded $731 to Plaintiffs, apparently because the deficiency for that amount had not yet been assessed, and because the payment was made electronically, the two payment coupons (one for $345 and another for $731) were not attached.
Subsequently, Defendant issued a Notice of Deficiency Assessment on May 27, 2009, for the $731 tax owing as a result of the adjustment to Plaintiffs' return. That assessment included penalty and interest charges. Plaintiffs promptly paid the $731 tax, plus the penalty and interest, on June 9, 2009. It is the penalty and interest charges that Plaintiffs are asking the court to refund.
The court does not have the statutory authority to grant the relief Plaintiffs have requested, although it believes the request is reasonable and appropriate. The reason for the court's inability to act on the matter is because Plaintiffs' request is discretionary in nature, and under ORS 305.560(1)(a), [1] the court lacks authority to grant discretionary penalty and interest waiver requests. Defendant does have the discretionary authority to waive penalties and interest, pursuant to ORS 305.145(3), but the Tax Court is not similarly empowered. Moreover, the decision rests solely with the Department of Revenue; this court may not review that determination. See, Pelett v. Dept. of Rev., 11 OTR 364,366 (1990) (explaining that "[t]he clear import of [ORS 305.560] is that the legislature did not intend this court to review [the *Page 3 
Department's] discretion in waiving penalties or interest"); Shotropa v.Dept. of Rev., TC-MD 090012D, WL 726151 (Mar 20, 2009) (ruling that the Department has discretionary authority to consider waiving the disputed charges, that the Department's decision cannot be appealed to the Tax Court, and that the court lacks authority to consider penalty and interest waiver requests).
Now, therefore,
IT IS THE DECISION OF THIS COURT that the court lacks jurisdiction to hear Plaintiffs' appeal and Defendant's request for dismissal is therefore granted.
Dated this ____ day of October 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on October 30,2009. The Court filed and entered this document on October 30, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.