DECISION OF DISMISSAL
This matter is before the court on Defendant's request, contained in its Answer filed November 2, 2009, that Plaintiff's appeal be dismissed because the court lacks authority to grant the relief requested by Plaintiff. Plaintiff has asked the court to waive the penalties and interest Defendant imposed on her untimely 2007 state tax return. The court explained during the January 26, 2010, initial proceeding in this matter that it did not have the statutory authority to grant Plaintiff's waiver request. This decision contains the court's rationale.
Plaintiff seeks a discretionary waiver. The basis for Plaintiff's waiver request is financial hardship and other personal matters which led to the untimely filing of Plaintiff's 2007 return. (Ptf's Compl at 2.) Defendant has the legal authority to grant penalty and interest waiver requests under certain circumstances. See, e.g., ORS 305.145.[1]
However, it is clear that the Tax Court does not have authority to waive penalties and interest, or review Defendant's decisions on discretionary waiver requests. Pelett v. Dept. of Rev., 11 OTR 364, 365-66 (1990) (noting that ORS 305.560 imposes limits on the court's authority, and ruling that "the clear import of [the statutory] language is that the legislature did not intend this court to review defendant's discretion in waiving penalties or interest." *Page 2 
ORS 305.560(1)(a), which governs appeals to the Tax Court provides, in part:
 "Except for an order, or portion thereof, denying the discretionary waiver of penalty or interest by the Department of Revenue, an appeal under ORS 305.275 may be taken by filing a complaint with the clerk of the Oregon Tax Court * * *."
(Emphasis added.)
The clear import of the statute is that appeals may be filed with the Magistrate Division of the Oregon Tax Court under ORS 305.275, except those involving challenges to discretionary penalty and interest waiver requests. Because Plaintiff seeks a discretionary waiver of the penalties and interest imposed, but did not challenge Defendant's legal authority to impose the disputed charges, the court lacks jurisdiction to consider her appeal. See also OAR 150-305.145(2) (2009) (providing for discretionary penalty and interest waiver requests to the Department of Revenue, including an administrative appeal to the department, but that the department's "decision is final and may not be appealed to the Oregon Tax Court.").
Plaintiff reports that she was advised by one of Defendant's employees to file an appeal with this court because the time for her to request that Defendant waive the penalty and interest had lapsed and her only option was to appeal to this court. If that is true, the advice she was given was improper, provided the person Plaintiff spoke with understood that the basis for Plaintiff's waiver request was discretionary in nature (as opposed to a general challenge to the legality of the disputed charges or the underlying tax). *Page 3 
Plaintiff also requested that the court waive the $25 filing fee she was required to pay to initiate her appeal. Court rules allow for waiver of the filing fee. TCR-MD 1 A(3).[2] Plaintiff made application for waiver of the fee when her Complaint was filed in June 2009, and the court denied her application by Order issued June 24, 2009. The court stands by that Order.
The court understands Plaintiff's frustration, but, under the circumstances, it cannot now waive the $25 filing fee Plaintiff paid nor, as indicated above, waive the disputed penalty and interest charges Defendant imposed.
Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ___ day of February 2010.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on February 18,2010. The Court filed and entered this document on February 18, 2010.
[1] References to the Oregon Revised Statutes (ORS) are to 2007.
[2] Tax Court Rule-Magistrate Division (TCR-MD) 1 A(3) states:
 "The plaintiff may, by application, request the court to consider deferral or waiver of the fee, as provided under ORS 21.685. Plaintiff shall make such application at the time of filing the complaint." *Page 1