DECISION
Plaintiff filed an appeal in this court requesting a removal of all late filing fees and interest that Defendant imposed for tax years 1998 and 1999. The court held several proceedings attempting to clarify the facts, issues, and its jurisdiction. Plaintiff appeared on her own behalf. Defendant was represented by Faith Derickson, an auditor with the Department of Revenue. For the reasons set forth below, Plaintiff's waiver requests are denied.
 I. STATEMENT OF FACTS
Plaintiff insists she filed her Oregon income tax returns at the same time she filed her Federal returns for 1998 and 1999. Those returns were purportedly filed on or about October 12, 2000, and September 18, 2001. Defendant has no record of receiving any returns from Plaintiff for 1988 or 1999 until November 18, 2008, when Plaintiff hand delivered her returns to the Eugene field office. (Answer at 1.) Plaintiff contends those were copies of the original returns. Defendant considered those to be Plaintiff's original returns. As a result, Defendant imposed penalties and interest.
Plaintiff at some point submitted a written request to Defendant asking that the disputed fees be waived. Defendant reduced certain of the penalties by 50 percent, which amounted to a reduction of approximately $1,900. Plaintiff was hoping that the court would order a waiver of *Page 2 
the remaining fees for penalty and interest, which exceed $10,500. The basis for that request is that the disputed returns were, according to Plaintiff, filed years before Defendant has deemed them to have been filed. (Compl at 2.)
Plaintiff acknowledges that she had two conversations with Defendant's employees in April and October 2002, and that on both occasions she was advised that Defendant had no record of having received her 1998 or 1999 returns. (Compl at 2.) Plaintiff contends, among other things, that the employee she spoke to in April 2002 told her that a supervisor would be calling her back, but that she never received that call. Plaintiff was dealing with a number of tragic and unforeseen circumstances at the time and now admits she may have been lax in her record keeping and follow-through. It was not until after Plaintiff was contacted by Defendant's employee in April 2008 that Plaintiff, some seven months later, brought her returns to Defendant. (Compl at 3.)
 II. ANALYSIS
Ordinarily the court lacks any legal authority to reduce penalties or interest. See Pelett v. Dept. of Rev., 11 OTR 364, 365-66 (1990) (noting that ORS 305.560 imposes limits on the court's authority, and ruling that "[t]he clear import of [the statutory] language is that the legislature did not intend this court to review defendant's discretion in waiving penalties or interest.")
ORS 305.560(1)(a)[1], which governs appeals to the Tax Court provides, in part:
 "Except for an order, or portion thereof, denying the discretionary waiver of penalty or interest by the Department of Revenue, an appeal under ORS 305.275 may be taken by filing a complaint with the clerk of the Oregon Tax Court * * *."
(Emphasis added.) *Page 3 
Plaintiff would be able to obtain considerable reductions in the disputed fees if she could satisfy the requirements of ORS 305.820(1)(c) dealing with returns that are lost in transmission (i.e., mailed by the taxpayer but not received by the Department of Revenue). However, there are at least two problems with the grant of that relief in this case. First, the authority to make the determination that returns allegedly mailed but not received were sent on the date claimed by the taxpayer lies with Defendant, as the "addressee" of the returns. ORS305.820(1)(c)(A) (requiring the taxpayer to establish by competent evidence satisfactory to the "addressee," which for state income tax returns is Defendant). However, given the facts of this case, the court could undertake the analysis itself, as it has in the past. Although Defendant allegedly evaluated Plaintiff's claim to have timely filed, Defendant's decision is not in writing. That leads to the second problem.
Plaintiff has not persuaded the court "by competent evidence" that she did in fact file the returns in October 2000 and September 2001, as she claims. According to Defendant's historical notes, Plaintiff twice in 2002 informed Defendant's employees that she would locate the returns and send them "right away" (April 2002 conversation) or send them along with a payment for 2000 (October 2002 conversation). (Def's Recommendation at 1.) Yet, there is no record of any action by Plaintiff until November 18, 2008, when Plaintiff delivered her 1998 and 1999 returns to Defendant's Eugene field office. Moreover, Plaintiff claims to have made a $6,800 (rounded) payment with her 1999 return when it was filed in September 2001, yet Plaintiff cannot produce proof of the payment (e.g., a copy of the canceled check) and Defendant has no record of receiving such a payment.
Additionally, the administrative rule promulgated by Defendant to provide guidance for evaluating a taxpayer's claim that it timely filed a return under ORS 305.820 identifies examples *Page 4 
of evidence that Defendant will consider, including a history of timely filing and a written inquiry about a refund or alleged payment. OAR 150-305.820(2)(b)(A) and (C). In this case, Plaintiff does not have a history of timely filing, and did not inquire about the $6,800 payment she claims to have made at the time she filed her 1999 return.
There are numerous other inconsistencies between Plaintiff's assertions on the one hand, and Defendant's contemporaneous written records of correspondence with Plaintiff and Defendant's receipts of payments, etc. In this state of the record, the court cannot in good conscience deem Plaintiff to have filed her 1998 return in October 2000, or her 1999 return in September 2001.
 III. CONCLUSION
The court concludes that Plaintiff has failed to adequately demonstrate that she filed her 1998 and 1999 returns before November 18, 2008. The court further concludes that it does not have the discretionary authority to waive the disputed penalties and interest. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this ___ day of February 2010.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on February 19,2010. *Page 5 
 The court filed and entered the document on February 19, 2010.
[1] References to the Oregon Revised Statutes (ORS) are to 2007. *Page 1