DECISION
Plaintiffs appeal from Defendant's November 18, 2009, notice entitled "Amnesty Application Rejected." (Ptfs' Compl at 2.) In their Complaint, Plaintiffs request a refund of "penalties and partial interest that would be possible under the tax amnesty program."(Ptfs' Compl at 3.) The appeal concerns tax years 2003 and 2004. The court addressed the matter with the parties during a telephonic hearing held February 10, 2010. James Anderson (Anderson) appeared for Plaintiffs. Leah Kimsey appeared for Defendant.
 I. STATEMENT OF FACTS
Plaintiffs, at some point, filed their Oregon state income tax returns for 2003 and 2004. They apparently did not pay the full amount of the tax due and owing at the time the returns were filed. According to Anderson, the Oregon adjustments resulted from an Internal Revenue Service (IRS) audit of his business.
On May 28, 2008, Defendant issued deficiency assessment notices for the two years under appeal. (Def's Answer at 1.) According to Plaintiffs, they made final payment of the tax for 2003 and 2004 on March 15, 2009. (Ptfs' Compl at 3.) Plaintiffs' liability for the years at *Page 2 
issue included a penalty for late payment of their taxes, which Defendant subsequently waived, a 20 percent penalty for substantial understatement of income, and interest. It is the 20 percent penalty, and the interest, that Plaintiffs request be waived by the court. It appears Plaintiffs made two requests to Defendant for waiver, one under the various statutes authorizing Defendant to reduce or waive penalties and interest, and the other under Oregon's recently enacted amnesty program, discussed below. Defendant apparently denied the request for waiver of the 20 percent penalty on February 3, 2009. Defendant subsequently denied Plaintiffs' request for amnesty relief November 18, 2009. Plaintiffs have appealed from the second denial.
Plaintiffs believe the additional charges added to their tax liability are unfair and that they are being punished for acting responsibly in paying the taxes roughly seven months before the commencement of Oregon's tax new amnesty program on October 1, 2009. Or Laws 2009, ch 710, § 1 (2). Plaintiffs insist they were not trying to be deceptive, but were simply victims of governmental adjustments to their federal and state returns. Defendant noted that the 20 percent penalty for understatement of income would not have been imposed if Plaintiffs had amended the return rather than waiting for the IRS to notify Defendant that Plaintiffs' 2003 and 2004 returns were adjusted.
 II. ANALYSIS
Under Oregon's new tax amnesty program, certain taxpayers can be relieved of their outstanding tax liabilities. However, one of the limitations under the act is that "a taxpayer may not participate in the tax amnesty program if, prior to the starting date of the period described in section 1 (2) of th[e] 2009 Act, the department has issued a notice of deficiency to the taxpayer or has assessed a tax for a tax year for which the taxpayer could otherwise apply for amnesty * * *." Or Laws 2009, ch 710, § 2 (2). The "starting date" set forth in section 1 (2) of *Page 3 
th[e] 2009 Act is the later of "the effective date of this 2009 Act or October 1, 2009." Or Laws 2009, ch 710, § 1 (2). The "effective date of th[e] 2009 Act" was September 28, 2009. As such, the starting date of the act was October 1, 2009.
Plaintiffs acknowledge that they do not qualify for relief under the amnesty program because Defendant issued deficiency assessments on May 28, 2008. What Plaintiffs seek is some measure of fairness from the court in the form of reductions of some or all of the additional charges (i.e., penalty and interest).
ORS 305.560(1)(a) governs appeals to the Tax Court.[1] That statute provides, in part:
 "Except for an order, or portion thereof, denying the discretionary waiver of penalty or interest by the Department of Revenue, an appeal under ORS 305.275 may be taken by filing a complaint with the clerk of the Oregon Tax Court * * *."
(Emphasis added.)
Plaintiffs request to this court is for a discretionary waiver of penalty and interest. As is clear from the statute set forth above, the court lacks the legal authority to grant discretionary waiver requests.See Pelett v. Dept. of Rev., 11 OTR 364, 365-66 (1990) (noting that ORS305.560 imposes limits on the court's authority, and ruling that "[t]he clear import of [the statutory] language is that the legislature did not intend this court to review defendant's discretion in waiving penalties or interest." (Internal citation omitted.)) Plaintiffs made their request for waiver of to Defendant and Defendant denied their request. That decision is not appealable. See OAR 150-305.145(3), (4).[2] *Page 4 
 III. CONCLUSION
Based on the foregoing, the court concludes that it lacks jurisdiction to grant the relief Plaintiffs have requested. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is dismissed.
Dated this _____ day of March 2010.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This Decision was signed by Magistrate Dan Robinson on March 17, 2010.
 The court filed and entered this Decision on March 17, 2010.
[1] References to the Oregon Revised Statutes (ORS) are to 2007.
[2] Reference to the Oregon Administrative Rules (OAR) are to the rules in effect in 2009. *Page 1