DECISION OF DISMISSAL
 I. INTRODUCTION AND OVERVIEW
This matter is before the court on Defendant's request for dismissal, included in its Answer filed October 8, 2010. The court addressed Defendant's request with the parties during a telephone case management hearing on December 13, 2010. Plaintiffs appeared on their own behalf. Defendant was represented by Larry Boyd, Auditor, Oregon Department of Revenue.
Plaintiffs filed an appeal with this court challenging an adjustment made by Defendant to their state tax returns for 2006 and 2007. According to the Complaint, Plaintiffs' "[t]ax accountant unintentionally deducted an expense twice[.]" During the December 13, 2010, hearing, Plaintiff Christine Kites stated that her tax preparer made an error reporting an expense that had been removed from her income reported on her 2006 and 2007 Form 1099s . Plaintiffs were unaware of the error at the time the returns were filed, as was the tax preparer. The correction of that error by Defendant increased Plaintiffs' taxable income and the resulting taxes. The additional tax for the two years at issue amounts to approximately $3,000. Defendant added penalties and interest. By their Complaint, Plaintiffs requested waiver of the tax, penalties and interest. (Ptfs' Compl at 1.)
The court explained during the December 13, 2010, hearing that it lacked jurisdiction to consider Plaintiffs' appeal because they were in agreement with the adjustment stemming from *Page 2 
the unintentional error in their returns. Accordingly, Plaintiffs are not challenging the legal basis for the additional tax Defendant imposed. Therefore, the court lacks jurisdiction to consider the request for waiver of the tax.
The same is true for the penalty and interest waiver requests, because the nature of Plaintiffs' request is for a discretionary waiver of those charges. The court does not have the statutory authority to consider requests for discretionary waiver of penalty and interest. See generally ORS 305.560(1)[1] (precluding the court from considering requests for discretionary waivers of penalty or interest imposed by the Department of Revenue);Pelett v. Dept. of Rev., 11 OTR 364, 365-366 (1990) (noting that ORS 305.560 imposes limits on the court's authority, and ruling that "the clear import of [the statutory] language is that the legislature did not intend this court to review defendant's discretion in waiving penalties or interest.").
 II. CONCLUSION
Because the court lacks jurisdiction, the motion to dismiss must be granted. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's request for dismissal is granted and Plaintiffs' appeal for tax years 2006 and 2007 is hereby dismissed.
Dated this ___ day of January 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon January 3, 2011. The Court filed and entered this documenton January 3, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009.