DECISION OF DISMISSAL
This matter is before the court on its own motion to dismiss Plaintiffs' appeal for lack of jurisdiction. The court held a telephone hearing February 28, 2011, to discuss the appeal. Plaintiffs were represented by Alphonso Schiavone (Schiavone). Defendant was represented by Lisa Erickson.
The tax year at issue is 2005. Plaintiffs were audited by the federal tax authorities (Internal Revenue Service) and their 2005 federal return was adjusted in 2008, apparently adding income earned by Plaintiffs in 2005 from the sale of property they owned in Idaho that had not been reported on their 2005 return.
The Oregon Department of Revenue (Defendant) was notified of the federal audit adjustment on September 17, 2008. Defendant sent Plaintiffs a Notice of Deficiency August 2, 2010. That deficiency was issued by Defendant within two years of the federal correction, as allowed by ORS 314.410(4)(b)(A).[1]
Schiavone stated repeatedly during the February 28, 2011, proceeding, that he did not have any problem paying the tax if he owed it, but he did not think it was fair to be charged interest on a tax he did not know he owed. Schiavone argued that he is a businessman and does *Page 2 
not know all the tax laws, but that he could not succeed in business if he operated the way the government does.
ORS 305.560(1) governs appeals to the Tax Court. That statute provides in part:
 "Except for an order, or portion thereof, denying the discretionary waiver of penalty or interest by the Department of Revenue, an appeal under ORS 305.275 may be taken by filing an original and one certified copy of a complaint with the clerk of the Oregon Tax Court * * *."
ORS 305.560(1) (emphasis added).
The Tax Court does not have authority legal authority to consider requests for discretionary waiver of interest. ORS 305.560(1);Pelett v. Dept. of Rev., 11 OTR 364, 365, 366 (1990) (noting that the Department has discretionary authority to waive interest, but that this court cannot review the Department's determination, ruling that "[t]he clear import of [the statutory] language [in ORS 305.560] is that the legislature did not intend this court to review defendant's discretion in waiving penalties or interest.")
ORS 305.145 provides the Department of Revenue with limited authority to waive interest. Moreover, a taxpayer can appeal an unfavorable determination to the Department of Revenue. However, the Department's ruling is final and cannot be appealed to this court. OAR 150-305.145(2).
Because Plaintiffs seek a discretionary waiver of interest, but do not challenge the underlying determination regarding the tax liability, the court lacks jurisdiction to consider their appeal. *Page 3 
Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this __ day of ___ 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon March 1, 2011. The Court filed and entered this documenton March 1, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009. *Page 1