IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| JAMES D. CAUGHLIN, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 180252N |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION**[1] |

Plaintiff appeals Defendant's Notice of Assessment, dated March 30, 2018, for the 2015

tax year. The notice imposed an additional tax of $3,400, penalties totaling $728.84, and interest

totaling $299.22. (Compl at 2.) Plaintiff does not challenge the tax, but requests a waiver of the

penalties and interest, noting that the IRS "did not charge * * * a penalty or interest." (*Id.* at 5.)

In its Answer, Defendant clarified that the adjustment to Plaintiff's 2015 return was based on an

adjustment made by the IRS and the penalties imposed were a five percent failure to pay penalty

($48.84) and a 20 percent substantial understatement of net tax penalty ($680). (Answer at 1.)

Defendant asserted that the penalties were properly imposed under ORS 314.400 and 314.402,

respectively, and that this court lacks authority to waive penalties and interest. (*Id.* at 1-2.)

A.      *Procedural Background*

An initial case management conference was held on July 30, 2018, during which the

parties discussed Plaintiff's request for waiver of penalties. Defendant agreed to review

Plaintiff's penalty waiver request and notify Plaintiff and the court of its determination.

---

[1] This Final Decision incorporates without change the court's Decision, entered September 6, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

Defendant filed its Recommendation on August 29, 2018, stating that it had waived the five percent "failure-to-pay" penalty, but declined to waive the 20 percent substantial understatement penalty. (Def's Recommendation at 1.) Defendant reasoned that the penalty was properly imposed under ORS 314.402 because the net tax was understated by more than $2,400. (*Id.*) Defendant declined to waive that penalty because the "IRS notifies taxpayers that if changes impact their state or local return, they need to file an amended return." (*Id.*)

A second case management conference was held on August 30, 2018, during which the parties discussed the status of Plaintiff's appeal. Defendant confirmed that it had denied Plaintiff's request to waive the 20 percent substantial understatement penalty. Defendant further stated that this court lacks authority to review its denial of Plaintiff's request and Plaintiff's only remaining recourse is to request a conference with Defendant. The court discussed the relevant statute and case law with the parties, inviting Plaintiff to research the matter further and file written arguments. Plaintiff declined. Accordingly, this matter is now ready for decision.

B.     *Analysis*

The issue presented is whether this court may review Defendant's denial of Plaintiff's request to waive penalties and interest imposed for the 2015 tax year.

ORS 305.560(1)(a)[2] explains the process for taking an appeal to this court "*[e]xcept for an order, or portion thereof, denying the discretionary waiver of penalty or interest by the Department of Revenue*[.]" (Emphasis added.) This court has stated that "The clear import of this language is that the legislature did not intend this court to review defendant's discretion in waiving penalties or interest." *Pelett v. Dept. of Rev.*, 11 OTR 364, 366 (1990).

/ / /

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

ORS 305.145(4) authorizes Defendant to "establish by rule instances in which [it] may, *in its discretion*, waive any part or all of penalties provided by the laws of the State of Oregon that are collected by the department." (Emphasis added.) ORS 314.402(6) states that Defendant "may waive all or any part of the penalty imposed under this section on a showing by the taxpayer that there was reasonable cause for the understatement, or any portion thereof, and that the taxpayer acted in good faith." Defendant has promulgated an administrative rule, OAR 150-314-0207, that provides guidance and examples of what it considers to be "reasonable cause" and "good faith" under the statute.

It is questionable under ORS 305.560(1)(a) and *Pelett* whether this court may review Defendant's denial of Plaintiff's penalty waiver request under ORS 314.402.[3] Even if the court could review Defendant's denial, the court would employ an abuse of discretion standard. *See Pelett*, 11 OTR at 366, n1; *see also Hansen v. Dept. of Rev.*, TC-MD 081122D, 2009 WL 3089297 at *15 (Sept 29, 2009), and *DeBoer v. Dept. of Rev.*, TC-MD 140027N, 2014 WL 4783255 at *9 (Sept 25, 2014) (each considering the taxpayer's penalty waiver request under ORS 314.402 using an abuse of discretion standard of review). An administrative agency abuses its discretion where it "does not act upon the facts presented to it or fails to obtain the factual data necessary for a proper result." *Rogue River Pack. v. Dept. of Rev.*, 6 OTR 293, 301 (1976). The court reviewing the record for abuse of discretion may not "substitute its own view for the administrator's judgment upon matters committed to [the administrator's] determination, if the record in the case supports the finding under the applicable law." *Id.*

/ / /

---

[3] *See, e.g., Lennert v. Dept. of Rev.*, TC-MD 170038G, 2018 WL 1074882 (Feb 27, 2018); *Wong v. Dept. of Rev.*, TC-MD 090040C, 2009 WL 1452044 (Mar 11, 2009).

Although Plaintiff *disagrees* with Defendant's denial of his penalty waiver request, Plaintiff has not alleged that Defendant abused its discretion in denying his request. During the second case management conference, Plaintiff declined to submit any further written argument on the issue of this court's review. Accordingly, the court is without any basis to consider Plaintiff's penalty waiver request under ORS 314.402(6) and concludes that Plaintiff's appeal should be denied. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ____ day of September 2018.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Allison R. Boomer and entered on September 25, 2018.*