# BERNARD CHEVROLET CO. *v.* COMMISSION

Marvin O. Bolland, Eichsteadt, Bolland & Engle, Woodburn, Oregon, represented plaintiff.

Carl N. Byers, Assistant Attorney General, represented defendant.

Decision for defendant rendered March 27, 1969.

EDWARD H. HOWELL, Judge.

Plaintiff's claim for a tax exemption for licensed vehicles was denied by the tax commission and plaintiff appealed.

To be entitled to the exemption ORS 481.270 requires the owner of the vehicles to submit proof to the County Assessor that the vehicles have been registered and the license fees paid. ORS 308.250 requires that such proof be filed with the assessor not later than May 15 of the year of assessment.

The sole issue presented is whether the plaintiff's claim was timely filed.

One of plaintiff's secretaries testified that she prepared and mailed the necessary form for claiming the exemption on May 12, 1968, from plaintiff's office in Woodburn, Oregon. The form was dated May 15. The envelope which apparently contained the form was addressed to: Thomas Bachelder, County Tax Assessor,

Salem, Oregon. Bachelder was the sheriff of Marion County and not the assessor. The envelope shows a cancellation of the stamp but does not show the usual postmark date.

The envelope with the form for claiming the exemption was received by a deputy sheriff who personally delivered it to the assessor's office. The deputy sheriff testified that mail received in the sheriff's office which properly belonged to the assessor was always taken to the assessor's office on the same day it was received. The deputy assessor who received the envelope and form made a notation on both that they were received on May 22, 1968.

It is not clear why a letter mailed May 12 would not be received until ten days later. It is possible that the required form was not mailed on May 12 because a personal property tax payment from the plaintiff was mailed to the sheriff's office and received by them on May 15, 1968. The personal property tax payment and not the claim for the exemption may have been the document which plaintiff's secretary mailed on May 12.

The plaintiff relies on ORS 305.820 which provides that any writing required by law to be filed with the county assessor (among others) and transmitted through the United States mail shall be deemed filed or received on the date shown on the cancellation mark on the envelope or "on the date it was mailed if proof satisfactory to the addressee establishes that the actual mailing occurred on an earlier date." As the envelope does not show a postmark date, the first part of the statute is not applicable. Furthermore, the evidence does not establish that the mailing occurred on May 12 because the letter was not received until May 22. In order to rely on the date of mailing as the date of receipt it is necessary that the envelope be properly

addressed. In this case the envelope was addressed to both the sheriff and the county assessor.

As the claim for exemption was not filed with the assessor by May 15 as required by ORS 481.270 and ORS 308.250, the order of the tax commission denying the exemption is approved.