IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| WADE T. HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 180047R |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION**[1] |

Plaintiff appealed Defendant's Notice of Assessment, dated January 11, 2018, for the 2014

tax year. A trial was held on May 7, 2018, in the Oregon Tax Court. Wade T. Hayes (Hayes)

appeared and testified on his own behalf. Benjamin Barlow (Barlow) appeared and testified on

behalf of Defendant. Plaintiff's Exhibits 1 to 4 were admitted into evidence without objection.

## I. STATEMENT OF FACTS

The issues in this case are whether Plaintiff filed his 2014 Oregon income tax return timely, and

whether penalties imposed by Defendant for failure to file a return should be modified.

Hayes testified he has engaged a professional tax preparer for many years to assist in the

preparation and filing of his income tax returns. He testified that in the past he has filed his tax

returns electronically, but for several years he filed the returns by mail because he had been the

victim of identity theft. Hayes filed for an extension of his 2014 federal tax returns on April 14,

2015. (Ptf's Ex 4.) He testified that he thought the federal extension also applied to his Oregon

return. Hayes testified that on May 20, 2015, he signed an "IRS e-file Signature Authorization"

---

[1] This Final Decision incorporates without change the court's Decision, entered October 17, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

for his tax preparer to enter his pin to file his federal tax return. (Ptf's Ex 1 at 1.)

Hayes's tax preparer sent Hayes his tax returns with a letter that states in part: "Enclosed are the originals of the various tax returns we have prepared for you. The original returns should be dated, signed and filed in accordance with the instructions attached to the returns." (Ptf's Ex 1 at 3.) Attached to the letter is a copy of Hayes's 2014 form 1040 federal tax return. (Ptf's Ex 1 at 5 – 35.) On the space provided on the return for taxpayer's signature, there is a stamp that reads "CLIENT'S COPY" and below a signature by the tax preparer. (Ptf's Ex 1 at 6.) The return filed into evidence contains instructions by the tax preparer as follows: "Make your check payable to the 'United States Treasury' include your SSN, daytime phone # and '2014 Form 4868' mail your payment to * * *." (Ptf's Ex 1 at 8.) (lowered from all caps)

Hayes's copy of his 2014 Oregon tax return is stamped "CLIENT"S COPY" where his signature is required and the location for the tax preparer has the name typed in, but without a signature. (Ptf's Ex 1 at 37.) The return shows a balance owing to Oregon in the amount of $1,382. *Id.* Hayes testified that he mailed a check in the amount of $1,382 for his Oregon tax owing on June 15, 2015, and it was processed according to his bank on June 26, 2015. (Ptf's Ex 2.) Hayes testified that he is not sure if his Oregon tax return was filed by mail or electronically, but that when the state negotiated his check, he believed that his return had been received. He also testified that he talked to his tax preparer who advised him the preparer has no record of how his 2014 Oregon tax return was transmitted to the state. Hayes testified that he did not receive any notice from Defendant indicating his 2014 return had not been filed or demanding that he file his state tax return, prior to receiving the Notice of Assessment in January 2018. He further testified that if he had received notice that Defendant had not received his 2014 return, he would have resolved the issue promptly.

Barlow testified that Defendant did not receive Plaintiff's 2014 return by the extension deadline and it sent Plaintiff a letter on November 29, 2016, demanding he file a return. He testified that when Defendant did not receive a response to its letter it made its own return with taxes estimated at $4,083 and included a 50 percent penalty for failure to file or pay taxes due. Barlow further testified that Defendant has no record of Plaintiff filing a 2014 state income tax return until after Hayes filed the appeal in this case. The appeal in this case was filed on January 30, 2018.

## II. ANALYSIS

The first issue in this case involves a factual determination of whether Hayes timely filed his 2014 Oregon tax return. Hayes's records clearly support his contention that he filed for an extension for his 2014 federal tax returns on April 14, 2015. Hayes's 2014 Oregon tax return deadline was automatically extended to October 15, 2015, although his payment was still due on April 15, 2015. ORS 314.385(1);[2] ORS 314.395. His tax payment tendered and processed in June 2015 was late and consequently he is liable for interest. ORS 314.400(7).

Hayes argues that his return must have been filed because Defendant cashed his check. However, that assertion is not supported by a preponderance of the evidence. Hayes was unable to say with any certainty how his return had been filed – electronically or by mail. The documents from Hayes's tax preparer appear to indicate that his 2014 federal tax return was filed electronically because the preparer had signed an "IRS e-file Signature Authorization." (Ptf's Ex 1 at 7.) No corresponding form was submitted for Hayes's state return. Further, the tax preparer's instructions state that Hayes should file the returns "in accordance with the instructions attached to the returns." (Ptf's Ex 1 at 3.) Although that instruction is not

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

conclusive, Hayes has not presented any evidence that he or his tax preparer actually filed his 2014 state tax return prior to this appeal. Defendant also has no record of having received Hayes's return. Based on the totality of the evidence, the court finds that Hayes did not file his 2014 state tax return at any time prior to his appeal to this court.

The second issue in this case, is whether penalties imposed by Defendant, for failure to file his 2014 state income tax return, should be modified. ORS 314.400 states in pertinent part:

> (1) If a taxpayer fails to file a report or return or fails to pay a tax by the date on which the filing or payment is due, the Department of Revenue *shall* add to the amount required to be shown as tax on the report or return a delinquency penalty of five percent of the amount of the unpaid tax.
> (2) In the case of a report or return that is required to be filed annually or for a one-year period, if the failure to file the report or return continues for a period in excess of three months after the due date:
> (a) There shall be added to the amount of tax required to be shown on the report or return a failure to file penalty of 20 percent of the amount of the tax; and
> (b) Thereafter the department may send a notice and demand to the person to file a report or return within 30 days of the mailing of the notice. If after the notice and demand no report or return is filed within the 30 days, the department may determine the tax according to the best of its information and belief, assess the tax with appropriate penalty and interest plus an additional penalty of 25 percent of the tax deficiency determined by the department and give written notice of the determination and assessment to the person required to make the filing. (Emphasis added.)

This court has previously held that when a penalty is discretionary to the Department of Revenue, the penalty is generally "not reviewable" by the court. *Pelett v. Dept. of Rev.*, 11 OTR 364, 365 (1990). In this case, the penalty is not discretionary because the statute uses the term "shall." Thus, this court may review if the conditions requiring penalties have been met.

The first penalty is a five percent penalty of unpaid tax under ORS 314.400(1) for failure to file or pay a tax by the due date. Here, the evidence clearly shows that Hayes did not file his return by the extension date of October 15, 2015, and did not make the tax payment by April 15, 2015. Thus, the five percent penalty assessed is correct.

The second penalty is a 20 percent penalty if the tax return is not filed within three months of its due date under ORS 314.400(2)(a). As found above, Hayes did not file his return within three months of October 15, 2015. Thus, the 20 percent penalty assessed is correct.

The third penalty is an additional 25 percent of the tax deficiency determined by the department after written notice by the Department under ORS 314.400(2)(b). For that penalty, the court focuses on whether Defendant provided Hayes with written notice demanding he file a return. Hayes testified that he presumed his 2014 state tax return had been filed because Defendant had cashed the check. He also testified that he did not receive a notice or demand from Defendant to file his 2014 return, and that if he had, he would have acted promptly. Finally, he testified that his first notice that Defendant had not received his return was the Notice of Assessment, dated January 11, 2018. In the court's view, Hayes has meet his burden of persuasion that he was not given notice. With that finding, the burden then shifts to Defendant to show that notice was given. Barlow testified that Defendant sent a letter to Hayes demanding that he file a return within 30 days. Barlow did not present the letter and did not present sufficient evidence to create a presumption of receipt, because no evidence was presented to show a notice was properly addressed and mailed in the ordinary course of business. ORS 40.135(1)(q); *Bernard Chevrolet v. Commission*, 3 OTR 411 (1969). Because Defendant did not submit sufficient evidence to show that Plaintiff had been given notice, the additional 25 percent penalty is reversed.

## III. CONCLUSION

After careful consideration, the court finds that Plaintiff did not file his 2014 Oregon income tax return timely, and did not pay the amount he owed by the April 15, 2015, deadline. Plaintiff is liable for interest resulting from his late payment. Plaintiff is subject to a five percent

penalty for failure to file or pay a tax by the due date pursuant to ORS 314.400(1). Plaintiff is subject to a 20 percent penalty for failure to file his return more than three months after it was due pursuant to ORS 314.400(2)(a). Plaintiff is not subject to an additional 25 percent penalty for failing to file within 30 days after being given a notice/demand to file. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant shall adjust penalties assessed against Plaintiff in accordance with the findings by this court.

Dated this ____ day of November, 2018.


_____
RICHARD DAVIS
MAGISTRATE

***If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.***

***This document was signed by Magistrate Richard Davis and entered on November 6, 2018.***